## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **JENNIFER JACKSON, and MARKELA JONES, Individually and on behalf of all others similarly situated,** | **Case No. _____** |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)** |
| **U.S. BANCORP,** | |
| **Defendant.** | **COMPLAINT–CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiffs Jennifer Jackson and Markela Jones (hereinafter jointly "Plaintiffs") bring this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiffs and the Putative Class Members") who worked for U.S. Bancorp ("US Bank" or "Defendant"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq.*, the Kansas Wage Payment Act ("KWPA"), KAN. STAT. ANN. §§ 44-313, *et seq.*, and the Minnesota Payment of Wages Act ("MPWA"), MINN. STAT. ANN. §§ 181.01–181.71, 181.55–58, 181.79.

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while their respective state law claims are asserted as class actions under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1.   This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and class actions pursuant to the state laws of Kansas and Minnesota, and FED. R. CIV. P. 23, to recover unpaid wages, overtime wages, and other applicable penalties.

2.   Plaintiffs and the Putative Class Members are those similarly situated persons who worked for US Bank in call centers at any time during the relevant statutes of limitation through the final disposition of this matter, and neither been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3.   Specifically, US Bank enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiffs and the Putative Class Members—to perform work "off-the-clock" and without pay.

4.   US Bank's illegal company-wide policy has caused Plaintiffs and the Putative Class Members to have hours worked that were not compensated and further created a

miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.   Although Plaintiffs and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.   US Bank knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time periods.

7.   Plaintiffs and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or state law.

8.   Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under their respective state laws as class actions pursuant to Federal Rule of Civil Procedure 23.

9.   Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiffs also pray that the Rule 23 classes are certified as defined herein, and the Plaintiffs designated herein be named as Class Representatives.

## II.
## THE PARTIES

11. Plaintiff Jennifer Jackson ("Plaintiff Jackson") was employed by US Bank in Kansas during the relevant time period. Plaintiff Jackson did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. Plaintiff Markela Jones ("Plaintiff Jones") was employed by US Bank in Minnesota during the relevant time period. Plaintiff Jones did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

13. The Kansas Class Members are those current and former hourly call-center employees who were employed by US Bank in Kansas at any time from June 24, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Jackson worked and was paid.

14. The Minnesota Class Members are those current and former hourly call-center employees who were employed by US Bank in Minnesota at any time from June 24, 2017

---

[1] The written consent of Jennifer Jackson is hereby attached as Exhibit "A."

[2] The written consent of Markela Jones is hereby attached as Exhibit "B."

through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Jones worked and was paid.

15. The FLSA Collective Members are those current and former hourly call-center employees who were employed by US Bank at any time from June 24, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

16. Defendant U.S. Bancorp is a Foreign For-Profit Corporation incorporated under the laws of Delaware, with its principal place of business in Minneapolis, Minnesota. Defendant U.S. Bancorp is not registered with the Kansas Secretary of State to do business in Kansas. On information and belief, Defendant U.S. Bancorp operates the US Bank branch located at 4970 Roe Boulevard, Roeland Park, Kansas 66205. Pursuant to Kan. Stat. Ann. § 60-304(e)(1)–(2) a foreign for-profit corporation may be served by "(1) Serving an officer, manager, partner or a resident, managing or general agent" or by "leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof." U.S. Bank may therefore be served with service of process through an officer, manager, or general agent at the U.S. Bank Branch Office located at 4970 Roe Boulevard, Roeland Park, Kansas 66205.

## III.
## JURISDICTION & VENUE

17. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201, *et. seq.*

18. This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

19. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–219.

20. This Court has personal jurisdiction over US Bank because the cause of action arose within this District as a result of US Bank's conduct within this District.

21. Venue is proper in the District of Kansas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22. Specifically, US Bank has maintained a working presence throughout the United States and Plaintiff Jackson worked in Overland Park, Kansas throughout her employment with US Bank, all of which is located within this District and Division.

23. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

24. US Bank is the fifth largest bank in the United States and provides its services throughout the country.[3]

25. Plaintiffs and the Putative Class Members' job duties consisted of answering phone calls made by US Bank's customers, answering customer inquiries, troubleshooting issues on behalf of customers, and generally assisting customers.

---

[3] https://www.usbank.com/about-us-bank.html.

26. Plaintiff Jackson was employed by US Bank in its call center located in Overland Park, Kansas from approximately October 2014 until May 2019.

27. Plaintiff Jones was employed by US Bank at first in its call center located in St. Paul, Minnesota and then as an at-home call center employee from approximately March 2000 until November 2018.

28. Plaintiffs and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

29. Plaintiffs and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

30. In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class Members worked up to four (4) hours "off-the-clock" per week and have not been compensated for that time.

31. Plaintiffs and the Putative Class Members have not been compensated for all the hours they worked for US Bank as a result of US Bank's corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

32. Specifically, Plaintiffs and the Putative Class Members are required to start and log in to their computer, read company emails, open multiple different US Bank computer programs, log in to each US Bank program, and ensure that each US Bank program is running correctly—all of which can take up to twenty minutes—before they

7

are allowed to clock in to the time keeping software application and then take their first phone call.

33. If Plaintiffs and the Putative Class Members are not ready and on the phone at shift start they can be subject to discipline.

34. If Plaintiffs and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

35. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

36. During this start up time, Plaintiffs and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

37. US Bank provides Plaintiffs and the Putative Class Members with one unpaid lunch break per shift.

38. However, US Bank requires Plaintiffs and the Putative Class Members to perform "off-the-clock" work during their unpaid lunch break.

39. Plaintiffs and the Putative Class were required to stay on the clock and on call until the minute their lunch break began, then they must clock out, then log out of the phone system or otherwise go into an aux mode, and then log off their computers prior to leaving their desks for lunch.

40. Plaintiffs and the Putative Class Members were required to log back into their computers, log back into the phone system, then clock in, and be back on the phone right at the moment their lunch break ends.

41. The log off process used prior to going to lunch can take 1-3 minutes.

42. The log in process used after returning from lunch can take 1-3 minutes.

43. This lengthy log off and log in procedure had to be performed during Plaintiffs and the Putative Class Members' lunch break as, per US Bank policy.

44. Further, Plaintiffs and the Putative Class Members' computers crashed multiple times each week and required Plaintiffs and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

45. Plaintiffs and the Putative Class Members were also not compensated for the time they worked for US Bank rebooting US Bank's computers after they crashed.

46. In addition, US Bank also enforced a uniform company-wide policy wherein they improperly required their non-exempt hourly employees—Plaintiffs and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. *See* 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

47. US Bank permitted Plaintiffs and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

48. As a result of US Bank's corporate policy and practice of requiring Plaintiffs and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log in log out processes during their unpaid lunch break, and requiring Plaintiffs and the Putative Class Members to clock out for short breaks, Plaintiffs and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

49. US Bank has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

50. US Bank is aware of their obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

51. Because US Bank did not pay Plaintiffs and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, US Bank's pay policies and practices violate the FLSA.

**V.**
**CAUSES OF ACTION**

**COUNT ONE**
**(Collective Action Alleging FLSA Violations)**

**A. FLSA COVERAGE**

52. Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

53. The FLSA Collective is defined as:

> **ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY U.S. BANCORP AT ANY TIME FROM JUNE 24, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

54. At all times hereinafter mentioned, US Bank has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

55. At all times hereinafter mentioned, US Bank has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

56. At all times hereinafter mentioned, US Bank has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has,

an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

57. During the respective periods of Plaintiffs' and the FLSA Collective Members' employment by US Bank, these individuals have provided services for US Bank that involved interstate commerce for purposes of the FLSA.

58. In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. *See* 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

59. Specifically, Plaintiffs and the FLSA Collective Members are non-exempt hourly call-center employees of US Bank who assisted US Bank's customers who live throughout the United States. *See* 29 U.S.C. § 203(j).

60. At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

61. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 53.

62. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of US Bank.

### B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

63. US Bank has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

64. Moreover, US Bank knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked. *See* 29 U.S.C. § 255(a).

65. US Bank is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

66. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted US Bank to pay them according to the law.

67. The decisions and practices by US Bank to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

68. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.  COLLECTIVE ACTION ALLEGATIONS

69. All previous paragraphs are incorporated as though fully set forth herein.

70. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of US Bank's employees who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they have not been paid.

71. Other similarly situated employees of US Bank have been victimized by US Bank's patterns, practices, and policies, which are in willful violation of the FLSA.

72. The FLSA Collective Members are defined in Paragraph 53.

73. US Bank's failure to pay Plaintiffs and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of US Bank, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

74. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

75. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

76. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

14

77. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

78. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and US Bank will retain the proceeds of its rampant violations.

79. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

80. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 53 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the KWPA)

**A. KWPA COVERAGE**

81. Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

82. The Kansas Class is defined as:

> **ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY U.S. BANCORP AT ANY TIME FROM JUNE 24, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Kansas Class" or "Kansas Class Members")**

15

83. At all times hereinafter mentioned, US Bank was and has been an "employer" within the meaning of the KWPA. *See* KAN. STAT. ANN. § 44-313(a).

84. At all times hereinafter mentioned, Plaintiff Jackson and the Kansas Class Members have been "employees" within the meaning of the KWPA. *See* KAN. STAT. ANN. § 44-313(b)

85. Plaintiff Jackson and the Kansas Class Members were or have been employed by US Bank since June 24, 2017, and have been covered employees entitled to the protections of the KWPA and were not exempt from the protections of the KWPA.

86. The employer, US Bank, is not exempt from the requirements under KWPA.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE KWPA**

87. All previous paragraphs are incorporated as though fully set forth herein.

88. The KWPA require employers like US Bank to pay all wages due for all hours worked at least once during each calendar month, on regular paydays. *See* KAN. STAT. ANN. § 44-314(a).

89. Plaintiff Jackson and the Kansas Class Members are non-exempt employees who are entitled to be paid for all hours worked. *See id*.

90. US Bank has a company-wide policy and practice of failing to pay Plaintiff Jackson and Kansas Class Members for all hours worked within the time period defined by the KWPA. *See* KAN. STAT. ANN. § 44-313(a); *see also Garcia v. Tyson Foods, Inc.*, 766 F. Supp. 2d 1167 (D. Kan. 2011).

16

91. Plaintiff Jackson and the Kansas Class Members worked for US Bank and were entitled to their earned wages for all hours worked.

92. US Bank is liable to Plaintiff Jackson and the Kansas Class Members for the wages they earned.

93. US Bank failed (and continues to fail) to pay Plaintiff Jackson and the Kansas Class Members for all hours worked.

94. US Bank has a continuing policy and practice of failing to pay all wages earned by Plaintiff Jackson and the Kansas Class Members. *See* KAN. STAT. ANN. § 44-313(a).

95. As a result of US Bank's illegal and company-wide policies applicable to Plaintiff Jackson and Kansas Class Members' wages, US Bank violated the KWPA.

96. US Bank's failure to pay for all hours worked to the Kansas Class Members who performed work on behalf of US Bank in Kansas is part of a continuing course of conduct.

97. Plaintiff Jackson and the Kansas Class Members who performed work on behalf of US Bank in Kansas are entitled to invoke the benefits of the KWPA, including but not limited to KAN. STAT. ANN. § 44-315(b).

98. As a result, this action, "may encompass all violations that occurred as part of US Bank's continuing course of conduct regardless of the date on which they occurred."

99. Plaintiff Jackson and the Kansas Class Members have suffered damages and continue to suffer damages as a result of US Bank's acts or omissions described herein;

though US Bank is in possession and control of necessary documents and information from which the Kansas Class Members would be able to precisely calculated damages.

100.    Plaintiff Jackson and the Kansas Class Members seek the amount of their underpayments based on US Bank's failure to pay wages for all hours worked, an equal amount as liquidated damages, and such other legal and equitable relief from US Bank's willful conduct as the Court deems just and proper.

101.    Accordingly, the Kansas Class should be certified as defined in Paragraph 82.

## C.  KANSAS CLASS ACTION ALLEGATIONS

102.    Plaintiff Jackson brings her KWPA claims pursuant to Kansas law as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by US Bank to work in Kansas at any time since June 24, 2017.

103.    Class action treatment of Plaintiff Jackson and the Kansas Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

104.    The number of Kansas Class Members is so numerous that joinder of all class members is impracticable.

105.    Plaintiff Jackson is a member of the Kansas Class, her claims are typical of the claims of other Kansas Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

106.    Plaintiff Jackson and her counsel will fairly and adequately represent the Kansas Class Members and their interests.

107.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

108.    Accordingly, the Kansas Class should be certified as defined in Paragraph 82.

## COUNT THREE
### (Class Action Alleging Violations of the MPWA)

### A.  VIOLATIONS OF MINNESOTA LAW

109.    Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

110.    The Minnesota Class is defined as:

> **ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY U.S. BANCORP AT ANY TIME FROM JUNE 24, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Minnesota Class" or "Minnesota Class Members").**

111.    At all times hereinafter mentioned, US Bank has been an employer within the meaning of the MPWA. *See* MINN. STAT. ANN. § 181.171

112.    At all times hereinafter mentioned, Plaintiff Jones and the Minnesota Class Members have been employees within the meaning of MPWA. *See id*.

19

113.    Plaintiff Jones and the Minnesota Class Members were or have been employed by US Bank at any time since June 24, 2017, and have been covered employees entitled to the protections of the MPWA.

114.    The employer, US Bank, is not exempt from paying wages earned under the MPWA.

## B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE MPWA

115.    The MPWA require employers to pay their employees all earned wages no later than their regular payday. *See* MINN. STAT. ANN. § 181.101.

116.    Plaintiff Jones and the Minnesota Class Members seek to recover their unpaid wages that are owed to them as a result of US Bank's company-wide policy of causing them to perform work off-the-clock.

117.    Plaintiff Jones and the Minnesota Class Members have suffered damages and continue to suffer damages as a result of US Bank's acts or omissions as described herein; though US Bank is in possession and control of necessary documents and information from which Plaintiff Jones and the Minnesota Class Members would be able to precisely calculate damages.

118.    Plaintiff Jones, on behalf of herself and the Minnesota Class Members, seeks recovery of the unpaid wages earned and due, liquidated damages, interest, attorneys' fees, and costs.

119.    In violating the MPWA, US Bank acted willfully, without a good faith basis, and with reckless disregard of applicable Minnesota law.

120.    The proposed class of employees, i.e. putative class members sought to be certified pursuant to the MPWA, is defined in Paragraph 110.

121.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of US Bank.

### C.  MINNESOTA CLASS ACTION ALLEGATIONS

122.    Plaintiff Jones brings her Minnesota claims pursuant to the MPWA as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by US Bank to work in Minnesota since June 24, 2017.

123.    Class action treatment of Plaintiff Jones and the Minnesota Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

124.    The number of Minnesota Class Members is so numerous that joinder of all class members is impracticable.

125.    Plaintiff Jones is a member of the Minnesota Class, her claims are typical of the claims of other Minnesota Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

126.    Plaintiff Jones and her counsel will fairly and adequately represent the Minnesota Class Members and their interests.

127.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

128.    Accordingly, the Minnesota Class should be certified as defined in Paragraph 110.

**VI.**
**RELIEF SOUGHT**

129.    Plaintiffs respectfully pray for judgment against US Bank as follows:

a.  For an Order certifying the FLSA Collective as defined in Paragraph 53 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative FLSA Collective Members;

b.  For an Order certifying the Kansas Class as defined in Paragraph 82 and designating Plaintiff Jackson as the Class Representative of the Kansas Class;

c.  For an Order certifying the Minnesota Class as defined in Paragraph 110 and designating Plaintiff Jones as the Class Representative of the Minnesota Class;

d.  For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

e.  For an Order pursuant to Section 16(b) of the FLSA finding US Bank liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have

joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

f.  For an Order pursuant to Kansas law awarding Plaintiff Jackson and the Kansas Class Members unpaid wages and other damages allowed by law;

g.  For an Order pursuant to Minnesota law awarding Plaintiff Jones and the Minnesota Class Members unpaid wages and other damages allowed by law;

h.  For an Order awarding the costs and expenses of this action;

i.  For an Order awarding attorneys' fees;

j.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

k.  For an Order awarding Plaintiffs service awards as permitted by law;

l.  For an Order compelling the accounting of the books and records of Defendant, at Defendant's expense; and

m. For an Order granting such other and further relief as may be necessary and appropriate.

## VII.
## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims so triable.

Date:  June 24, 2020                Respectfully submitted,

                          By:    /s/ Richard M. Paul
                                 Richard M. Paul III (KS #17778)
                                 Laura C. Fellows (KS #26201)
                                 PAUL LLP
                                 601 Walnut Street, Suite 300
                                 Kansas City, Missouri 64106
                                 Telephone: (816) 984-8100
                                 Fax: (816) 984-8101
                                 Rick@paullp.com
                                 Laura@paullp.com


                                 Clif Alexander
                                 (*Pro Hac Vice Application Forthcoming*)
                                 Texas Bar No. 24064805
                                 Austin W. Anderson
                                 (*Pro Hac Vice Application Forthcoming*)
                                 Texas Bar No. 24045189
                                 ANDERSON ALEXANDER, PLLC
                                 819 N. Upper Broadway
                                 Corpus Christi, Texas 78401
                                 Telephone: (361) 452-1279
                                 Fax: (361) 452-1284
                                 clif@a2xlaw.com
                                 austin@a2xlaw.com

                                 **Attorneys for Plaintiffs and the
                                 Putative Class Members**