## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **JENNIFER JACKSON, Individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs**<br><br>**vs.**<br><br>**U.S. BANCORP and U.S. Bank National Association,**<br><br>**Defendants** | Case No. 2:20-cv-02310-EFM-TJJ<br><br>JURY TRIAL DEMANDED<br><br>FLSA COLLECTIVE ACTION UNDER <u>29 U.S.C. § 216(B)</u> |

## <u>FIRST AMENDED COLLECTIVE ACTION COMPLAINT</u>

Plaintiff—Jennifer Jackson, individually and on behalf of all current and former hourly call-center employees ("Plaintiff and the Putative Class Members")—who worked for Defendants, U.S. Bancorp and U.S. Bank National Association ("US Bank"), at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended <u>29 U.S.C. §§ 201-19</u>.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, <u>29 U.S.C. § 216(b)</u>. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
## OVERVIEW

1.      This is a collective action to recover overtime wages, liquidated damages, and attorneys' fees brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2.      Plaintiff and the Putative Class Members are those similarly situated persons who worked for US Bancorp and US Bank in call centers at any time from June 24, 2017 through the final disposition of this matter, and have neither been paid for all hours worked nor the correct amount of overtime in violation of federal law.

3.      Specifically, US Bancorp and US Bank enforced a uniform company-wide policy applicable to hourly call-center employees of US Bancorp and US Bank wherein they improperly required their hourly call-center employees—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

4.      US Bancorp and US Bank's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.      Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

2

6.      US Bancorp and US Bank knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time periods.

7.      Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or state law.

8.      Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9.      Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10.      Plaintiff Jennifer Jackson ("Plaintiff Jackson") was employed by US Bancorp and US Bank in Kansas during the relevant time period. Plaintiff Jackson did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Jennifer Jackson is already on file with the Court. *See* ECF 1-1.

11.     The FLSA Collective Members are those current and former hourly call-center employees who were employed by US Bancorp and US Bank at any time from June 24, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

12.     Defendant U.S. Bancorp is a Foreign For-Profit Corporation incorporated under the laws of Delaware, with its principal place of business in Minneapolis, Minnesota. Defendant U.S. Bancorp is not registered with the Kansas Secretary of State to do business in Kansas. On information and belief, Defendant U.S. Bancorp operates the US Bank branch located at 4970 Roe Boulevard, Roeland Park, Kansas 66205. Pursuant to Kan. Stat. Ann. § 60-304(e)(1)–(2) a foreign for-profit corporation may be served by "(1) Serving an officer, manager, partner or a resident, managing or general agent" or by "leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof." U.S. Bancorp may therefore be served with service of process through an officer, manager, or general agent at the U.S. Bank Branch Office located at 4970 Roe Boulevard, Roeland Park, Kansas 66205. This Defendant has answered, and no further service of process is necessary.

13.     Defendant U.S. Bank National Association ("US Bank") is a Foreign For-Profit Corporation incorporated under the laws of Delaware, with its principal place of business in Minneapolis, Minnesota. Defendant U.S. Bank is not registered with the Kansas Secretary of State to do business in Kansas. On information and belief, Defendant

US Bank operates the US Bank branch located at 4970 Roe Boulevard, Roeland Park, Kansas 66205. Pursuant to Kan. Stat. Ann. § 60-304(e)(1)–(2) a foreign for-profit corporation may be served by "(1) Serving an officer, manager, partner or a resident, managing or general agent" or by "leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof." US Bank may, therefore, be served with service of process through an officer, manager, or general agent at the US Bank Branch Office located at 4970 Roe Boulevard, Roeland Park, Kansas 66205.

### III.
### JURISDICTION & VENUE

14.     This Court has federal-question, subject-matter jurisdiction under 28 U.S.C. § 1331 over the claims of Plaintiff and the Putative Class Members because they are brought under the FLSA, 29 U.S.C. §§ 201-19.

15.     This Court has specific personal jurisdiction over US Bancorp and US Bank with respect to the Plaintiff and the Putative Class Members' claims because Plaintiff's cause of action arose within this District as a result of Defendants' conduct within this District. The Court additionally has pendant personal jurisdiction over the claims of the opt-in Plaintiffs and the Putative Class Members.

16.     Venue is proper in the District of Kansas because this is a judicial district where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred.

17.     Specifically, US Bancorp and US Bank have maintained a working presence throughout the United States, and Plaintiff Jackson worked in Overland Park, Kansas throughout her employment with US Bancorp and US Bank, all of which is located within this District and Division.

18.     Venue is, therefore, proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

19.     US Bancorp, which does business as US Bank and, also, is the parent company of US Bank, is the fifth largest bank in the United States and provides its services throughout the country.[2] With respect to Plaintiff and the Putative Class Members, the role of US Bancorp and US Bank appears indistinguishable.

20.     Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by US Bancorp's and US Bank's customers, answering customer inquiries, troubleshooting issues on behalf of customers, and generally assisting customers.

21.     Plaintiff Jackson was employed by US Bancorp and US Bank in their call center located in Overland Park, Kansas from approximately October 2014 until May 2019.

---

[2] https://www.usbank.com/about-us-bank.html.

22.     Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

23.     Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

24.     In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to four (4) hours "off-the-clock" per week and have not been compensated for that time.

25.     Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for US Bancorp and US Bank as a result of their uniform corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

26.     Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, read company emails, open multiple different US Bancorp and US Bank computer programs, log in to each program, and ensure that each program is running correctly—all of which can take up to twenty minutes—before they are allowed to clock in on the time keeping software application and then take their first phone call.

27.     If Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be subject to discipline.

28.     If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

29.     Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

30.     During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

31.     US Bancorp and US Bank provide their employees, such as Plaintiff and the Putative Class Members, with one unpaid lunch break per shift.

32.     However, US Bancorp and US Bank require Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid lunch break.

33.     Plaintiff and the Putative Class Members were required to stay on the clock and on call until the minute their lunch break began, then they must clock out, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for lunch.

34.     Plaintiff and the Putative Class Members were required to log back into their computer, log back into the phone system, then clock in, and be back on the phone right at the moment their lunch break ends.

35.     The log off process used prior to going to lunch can take 1-3 minutes.

36.     The log in process used after returning from lunch can take 1-3 minutes.

8

37. This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' lunch break as, per US Bancorp and US Bank policy.

38. Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

39. Plaintiff and the Putative Class Members were also not compensated for the time they worked for US Bancorp and US Bank rebooting their computers after they crashed.

40. In addition, US Bancorp and US Bank also enforced a uniform company-wide policy wherein they improperly required their non-exempt hourly employees— Plaintiff and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. *See* 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

41. US Bancorp and US Bank permitted Plaintiff and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

42. As a result of US Bancorp and US Bank's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their

unpaid lunch break, and requiring Plaintiff and the Putative Class Members to clock out for short breaks, Plaintiff and the Putative Class Members were not compensated for all compensable hours worked, including all hours worked in excess of forty (40) in a workweek at the rates required by the FLSA.

43.    US Bancorp and US Bank have employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

44.    US Bancorp and US Bank are aware of their obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

45.    Because US Bancorp and US Bank did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, their pay policies and practices violate the FLSA.

## V.
## CAUSE OF ACTION

### A.    FLSA COVERAGE

46.    Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

47.    The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED IN A POSITION INVOLVING CUSTOMER SERVICE/CONTACT BY U.S. BANCORP AND/OR U.S BANK AT ANY TIME FROM JUNE 24, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

10

48.     At all times hereinafter mentioned, US Bancorp and US Bank have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

49.     At all times hereinafter mentioned, US Bancorp and US Bank have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

50.     At all times hereinafter mentioned, US Bancorp and US Bank have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

51.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by US Bancorp and US Bank, these individuals have provided services for US Bancorp and US Bank that involved interstate commerce for purposes of the FLSA.

52.     In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for

commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

53.     Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly call-center employees of US Bancorp and US Bank who assisted their customers who live throughout the United States. *See* 29 U.S.C. § 203(j).

54.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

55.     The proposed class of similarly situated employees, *i.e.* putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 47.

56.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of US Bancorp and US Bank.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

57.     US Bancorp and US Bank have violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-

exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

58.     Moreover, US Bancorp and US Bank knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

59.     US Bancorp and US Bank are sophisticated parties and employers, and, therefore, knew (or should have known) their pay policies were in violation of the FLSA.

60.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted US Bancorp and US Bank to pay them according to the law.

61.     The decisions and practices by US Bank to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

62.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C.     **COLLECTIVE ACTION ALLEGATIONS**

63.     All previous paragraphs are incorporated as though fully set forth herein.

64.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of US Bancorp's and US Bank's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been properly paid.

65.     Other similarly situated employees of US Bancorp and US Bank have been victimized by US Bancorp's and US Bank's patterns, practices, and policies, which are in willful violation of the FLSA.

66.     The FLSA Collective Members are defined in Paragraph 47.

67.     US Bancorp's and US Bank's failure to pay Plaintiffs and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of US Bancorp and US Bank, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

68.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

69.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

70.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

71.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

72.     Absent a collective action, many members of the proposed FLSA Collective likely will not obtain redress of their injuries and US Bancorp and US Bank will retain the proceeds of their rampant violations.

73.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

74.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 47 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

75.     Plaintiff respectfully prays for judgment against US Bancorp and US Bank as follows:

a.      For an Order certifying the FLSA Collective as defined in Paragraph 47 and requiring Defendants to provide the names, addresses, e-mail addresses,

telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order pursuant to Section 16(b) of the FLSA finding US Bancorp and US Bank liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.      For an Order awarding the costs and expenses of this action;

e.      For an Order awarding attorneys' fees;

f.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g.      For an Order awarding Plaintiff a service award as permitted by law;

h.      For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense; and

i.      For an Order granting such other and further relief as may be necessary and appropriate.

Dated: September 4, 2020

Respectfully submitted,

By:/s/ Richard M. Paul
Richard M. Paul III (KS #17778)
Laura C. Fellows (KS #26201)
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Fax: (816) 984-8101
Rick@PaulLLP.com
Laura@PaulLLP.com

**ANDERSON ALEXANDER, PLLC**
Clif Alexander (*Pro Hac Vice*)
Texas Bar No. 24064805
Austin W. Anderson (*Pro Hac Vice*)
Texas Bar No. 24045189
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Fax: (361) 452-1284
clif@a2xlaw.com
austin@a2xlaw.com

**Attorneys for Plaintiff and
Putative Class Members**

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2020, I electronically filed the above and foregoing document with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

/s/ Richard M. Paul