# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JENNIFER JACKSON, individually and on behalf of all others similarly situated,

*Plaintiffs,*

vs.

U.S. BANCORP and U.S. BANK NATIONAL ASSOCIATION,

*Defendants.*

Case No. 2:20-CV-02310-EFM-TJJ

## MEMORANDUM AND ORDER

Plaintiff Jennifer Jackson filed this collective action against U.S. Bancorp and U.S. Bank National Association (collectively "U.S. Bank") alleging that U.S. Bank failed to pay her and other similarly situated individuals for all hours worked. Now before the Court is Plaintiff's Objection to Magistrate Judge Teresa J. James's Scheduling Order (Doc. 45). For the reasons discussed below, the Court overrules Jackson's motion.

### I.    Factual and Procedural Background

On October 15, 2020, in accordance with Fed. R. Civ. P. 16, the parties conducted a telephone scheduling conference with Magistrate Judge Teresa J. James. Per the Report of the Parties' Planning Conference (Doc. 45-1), the parties were unable to reach an agreement as to the number of interrogatories, requests for production, and depositions to be allowed in the case.

Jackson requested that the parties randomly select an equal number of plaintiffs from each location where Jackson and the opt-in plaintiffs worked, up to a number constituting ten percent of the total opt-in class. Jackson argued that this would reasonably allow the parties to obtain relevant discovery, would promote efficient resolution of the matter, and would avoid placing an undue burden on the plaintiffs. Defendants requested that all opt-in plaintiffs be subject to full discovery, arguing that the opt-in plaintiffs are party-plaintiffs in the case, not absent class members.

The next day, Magistrate Judge James issued the Scheduling Order (Doc 40). Section 2(k) provided as follows: "Plaintiff may serve 25 interrogatories, including all discreet subparts, and 25 requests for production upon Defendants, collectively. Defendants may serve up to 10 interrogatories, including all discreet subparts, and 12 requests for production on the named Plaintiff and each of the Opt-In Plaintiffs."[1] Jackson now objects to section 2(k) of the Scheduling Order.

## II.     Legal Standard

Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may modify or set aside any portion of the order that it finds to be "clearly erroneous or contrary to law."[2] To be clearly erroneous, a decision must strike the Court as "more than possibly or even probably wrong."[3] Thus, the Court is required to affirm the magistrate judge's order unless

---

[1] Scheduling Order, Doc. 40, at 8 (emphasis omitted).

[2] 28 U.S.C. § 636(b)(1)(A); *see also First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citation omitted); Fed. R. Civ. P. 72(a).

[3] *United States v. Ludwig*, 641 F.3d 1243, 1247 (10th Cir. 2011) (citation omitted).

the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed."[4]

### III.    Analysis

Jackson objects to the Magistrate's order on the grounds that (1) representative discovery is widely used in Fair Labor Standards Act ("FLSA") collective actions; (2) representative discovery promotes efficiency; and (3) individualized discovery would be unduly burdensome. In support of her motion, Jackson argues that courts typically allow evidence from representative employees to prove FLSA violations and routinely permit discovery to be conducted on a representative sample of less than twenty-five percent of the class.

Although courts have authorized representative discovery in FLSA actions, "[a]part from any undue burden objection, there is no bright-line rule that the court should always limit or prohibit individualized discovery in an FLSA collective action."[5]  Moreover, this Court has rejected an argument that "conditional certification of a collective action implicitly requires discovery to proceed on a representative, rather than individualized, basis."[6]  It has further noted that although "collective actions are designed to promote efficiency of litigation," determining whether an action should ultimately proceed on a collective basis "would be nearly impossible without some amount of individualized discovery."[7]  Thus, contrary to Jackson's assertion, the mere decision to permit individualized discovery is not contrary to law.

---

[4] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[5] *Scott v. Raudin McCormick, Inc.*, 2010 WL 11565526, at *5 (D. Kan. 2010) (citation omitted).

[6] *Renfro v. Spartan Comput. Servs., Inc.*, 2008 WL 821950, at *2 (D. Kan. 2008).

[7] *Id.* at *2.

Further, Jackson's argument that Magistrate Judge James's order permits an immense, disproportionate burden on Jackson and the putative opt-in plaintiffs is premature. Although Jackson has not yet moved for a protective order, a party moving for a protective order must show good cause by making a particular and specific demonstration of fact in support of its request.[8] Here, Jackson's argument hinges on mere speculation as to the ultimate number of opt-in plaintiffs joining the action and potential costs. Thus, the Court concludes that the Magistrate did not err in failing to impose a blanket restriction on discovery based on Jackson's conjecture. The Magistrate Judge's authorization of ten interrogatories and twelve requests for production was not contrary to law.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Magistrate Judge Teresa J. James's Scheduling Order (Doc. 45) is **OVERRULED.**

**IT IS SO ORDERED.**

Dated this 3rd day of March, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8] *See* Fed. R. Civ. P. 26(c); *SEC v. Dowdell*, 144 F. App'x 716, 723 n.2 (10th Cir. 2005) (noting that "[c]onclusory or stereotypical assertions are insufficient to show good cause" and citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).