UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JENNIFER JACKSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANKCORP and U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendants. | Case No. 2:20-cv-2310-EFM-TJJ |

**ORDER**

In their Report of Parties Regarding Remaining Schedule and in a status/scheduling conference with the Court on March 11, 2021, the parties in this FLSA collective action disagreed about the number of depositions that should be permitted and the length of those depositions. After hearing arguments of counsel during the conference, the Court requested and the parties later submitted case law supporting their respective positions. The Court has reviewed those submissions and is now ready to rule.

First, the Court limits Defendants to 130 depositions of opt-in Plaintiffs plus the named Plaintiff. These depositions will be limited to no more than 2 ½ hours each. This number of depositions represents approximately 10% of the current pool of opt-in Plaintiffs—which totals 1,278. Notably, Defendants do not seek to take the depositions of all opt-in Plaintiffs. But the Court still limits the number of depositions in the interest of efficiency and proportionality. In reaching this decision, the Court finds the rationale in *Geer v. Challenge Financial Investors*

*Corp.*[1] persuasive and compelling. In *Geer*, Magistrate Judge Bostwick reviewed § 11.45 of the Manual for Complex Litigation, Fourth, and discussed the court's role concerning the control of depositions.[2] Judge Bostwick emphasized that one of the benefits of FLSA collective actions is efficiency, and determined that allowing defendants to depose all opt-in plaintiffs undermined that benefit.[3] Likewise, the court in *Drollinger v. Network Global Logistics, LLC* voiced concerns that allowing the depositions of all opt-in plaintiffs would violate both Rule 1 and Rule 26.[4] This Court agrees with the rationale of both *Geer* and *Drollinger*.

In this case, the cost and burden of deposing all—or even one-fourth or 150—of opt-in Plaintiffs would be unduly burdensome. The conditionally certified class is comprised of current and former employees in 46 different jobs, located in 74 different cities, across 28 different states.[5] In addition, at least partially because of the global COVID-19 pandemic, 418 of these class members worked at home from different states for varying amounts of time. Considering this diversity of geography and job classification, in conjunction with an opt-in class size exceeding twelve hundred Plaintiffs, allowing depositions of a large percentage of these people would be extremely costly and a heavy burden on the Plaintiffs who elected to opt-in to this case. Moreover, the Court has already allowed Defendants to conduct written discovery on all opt-in Plaintiffs—giving Defendants an alternative, less intrusive way to obtain information that might otherwise have to be gleaned through depositions.

---

[1] No. 05-1109-JTM, 2007 WL 1341774, at *2–*5 (D. Kan. May 4, 2007). *Geer* had 248 opt-in plaintiffs. *Id.* at *1.
[2] *Id.* at 3.
[3] *Id.* at 4.
[4] No. 16-00304-MSK-MJW, 2018 WL 1091073, at *2 (D. Colo. Jan. 8, 2018). In *Drollinger*, the opt-in class included 163 individuals. *Id.*
[5] ECF No. 50-1 at 1–2.

For these reasons, the Court determines that allowing depositions of approximately 10% of the opt-in Plaintiffs plus the named Plaintiff is sufficient and proportional to the needs of the case. Although less than the 150 depositions requested by Defendants, this percentage is consistent with the percentage allowed in *Whittington v. Taco Bell of America, Inc.*[6] And neither *Williams v. Sprint/United Management Co.*[7] nor *Renfro v. Spartan Computer Services, Inc.*,[8] each cited by Defendants, supports permitting Defendants to take more depositions than the Court is allowing. On the other hand, Plaintiffs' suggestion that the Court only allow Defendants to take 60 Plaintiffs' depositions—or 2 per call center—would simply be inadequate, given the potential differences between call centers, the number of employees working from home, and other potential differences among Plaintiffs and their work. Insofar as Plaintiffs are concerned about the number of depositions being allowed, the Court is minimizing the burden upon Plaintiffs by limiting each Plaintiff's deposition to no more than 2 ½ hours.[9]

Second, the Court limits Plaintiffs to the depositions of 2 employees at each call center location (roughly 60 depositions total) plus one Rule 30(b)(6) deposition. This number is less than Plaintiffs want (either 4 employees per call center, or double the number of depositions that

---

[6] No. 10-1883-KMT-MEH, 2012 WL 3705046, at *1 (D. Colo. Aug. 27, 2012) (allowing depositions of 10% of 488 opt-in plaintiffs, combined with written discovery in the form of a survey to all plaintiffs).

[7] No. 03-2200-JWL, 2006 WL 1867471 (D. Kan. June 30, 2006) (overruling plaintiffs' objections to a magistrate judge's order allowing defendant to depose opt-in plaintiffs in an ADEA case who would not be witnesses at trial). Judge Lungstrum noted that defendant had already deposed more than 300 opt-in plaintiffs, but specified that "plaintiffs have never asked this court to review any rulings concerning the total number of opt-in plaintiffs defendant may appropriately depose in this phase of the litigation . . . ." *Id*. at *1 n.1.

[8] No. 06-2284-KHV, 2008 WL 821950, at *1 n.1, *3 (D. Kan. Mar. 26, 2008) (overruling plaintiffs' objections to a magistrate judge's order allowing 27 depositions when the conditionally-certified class numbered 136).

[9] Defendants requested up to 4 hours per Plaintiff's deposition.

Defendants are allowed). But it is also significantly more than Defendants' proposed cap—a total of 10 depositions pursuant to Fed. R. Civ. P. 30. Neither party convinced the Court that their proposal was proportional to the needs of the case.

The Court reminds Plaintiffs that they earlier represented "there are ***not*** significant factual disparities between [Plaintiffs] to be addressed."[10]  During the telephone conference with the parties, Plaintiffs did not persuade the Court that there are differences among Plaintiffs and/or call centers that warrant the depositions of 4 employees per call center (2 supervisors and 2 trainers). Plaintiffs' proposal of something close to 120 depositions is neither necessary nor proportional to the needs of this case. The Court also limits these depositions to no more than 3 hours each,[11]  with the exception of Plaintiffs' Rule 30(b)(6) deposition of Defendants' corporate representative which will be subject to the general 7-hour deposition limit set out initially in the Scheduling Order.[12]

For the above-stated reasons, the Court determines that limits along the continuum between the parties' requests are sufficient and proportional to the needs of the case. The Court believes that the limits set above will allow each party enough latitude to take meaningful discovery—tailored to the circumstances of this case—without causing undue burden to any other party, whether named or opt-in. These limits will support the principles underlying the use of an FLSA collective action and promote efficiency and the realization of Rule 1 ideals.

---

[10] ECF No. 45 at 6 (emphasis added).
[11] The Court allows more time for these depositions than allowed for each Plaintiff's deposition based upon Plaintiffs' argument that additional time may be needed because of documents that are likely to be the subject of questioning during their depositions of call center supervisors and/or trainers.
[12] ECF No. 40 at 8.

IT IS SO ORDERED.

Dated March 18, 2021, at Kansas City, Kansas.

                                                    Teresa J. James
                                                    U. S. Magistrate Judge